THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JEANNE ANG RATHER,<br><br>          Defendant. | CASE NO. CR21-0079-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to reduce her sentence pursuant to Amendment 821 of the United States Sentencing Guidelines ("USSG") and 18 U.S.C. § 3582(c)(2) (Dkt. No. 83). Having considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

Defendant was sentenced on May 16, 2023, after pleading guilty to bank fraud and aggravated identity theft. (*See* Dkt. Nos. 52, 81.) The aggravated identity theft count carries a statutory mandatory 24-month sentence that must be imposed consecutively to the underlying crime and is not governed by sentencing guideline calculations. (*See* Dkt. No. 73 at 11.) Applying the 2021 Sentencing Guidelines Manual, the United States Probation and Pretrial Services Office calculated her total offense level to be 18, with a criminal history category I. (*Id.* at 6.) At sentencing, the Court reduced the total offense level by two, resulting in in an offense level of 16 and a sentencing guidelines range of 21 to 27 months for the bank fraud count. *See*

USSG § 5A. The Court then imposed a total custodial sentence of 30 months, consisting of six months for bank fraud to run consecutively to the statutory minimum of 24 months for aggravated identity theft. (*See* Dkt. No. 81 at 2.)

Defendant now seeks a reduction pursuant to Amendment 821 to the USSG. (*See* Dkt. No. 83.) This is based on Part B, Subpart 1 of the amendment, which provides a two-level reduction in the offense level for certain "zero-point offenders"—that is, defendants with no criminal history whose offenses meet the guideline's criteria. *See* USSG § 4C1.1(a).[1]

To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). However, USSG § 1B1.10(b)(2) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," unless the defendant received a sentence reduction based on substantial assistance to the United States.

Here, under the retroactively applicable amendment codified in USSG § 4C1.1, Defendant's total offense level would be lowered two levels to 14, resulting in an amended sentencing guideline range of 15 to 21 months. USSG § 5A. But because the sentence already imposed (six months) is well below the low end of this amended range, the policy statement precludes any reduction in Defendant's sentence. *See* USSG § 1B1.10(b)(2). Furthermore, the

---

[1] Because the Court finds that, assuming Defendant is entitled to the two-point offense level reduction, she would not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), the Court need not determine whether she meets the other criteria in the guidelines, including whether she "personally cause[d] substantial financial hardship." USSG § 4C1.1(a).

record does not show, and Defendant has not established, that the "substantial assistance" exception of USSG § 1B1.10(b)(2)(B) applies. This Court therefore lacks the authority to reduce Defendant's sentence. *See Wesson*, 583 F.3d at 730.

For the foregoing reasons, Defendant's motion for a reduction of her sentence (Dkt. No. 83) is DENIED.

DATED this 9th day of April 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE